UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN L. HUGHBANKS, | ) | Civ. 10-4064-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | FOR RECONSIDERATION, |
| ROBERT DOOLEY, Warden, Mike | ) | MOTION FOR APPLICATION OF |
| Durfee State Prison also known as | ) | THE PRISONER MAILBOX |
| Bob Dooley; | ) | RULE, AND MOTION FOR THE |
| TIM REISCH, Cabinet Secretary, | ) | DEFINITION OF TERMS |
| SD DOC; | ) | |
| TAMI DEJONG, Unit Coordinator, | ) | |
| MDSP; | ) | |
| RANDY STEVENS, Sco., Property | ) | |
| Officer, MDSP; and | ) | |
| NICHOLE ST. PIERRE, Sco., | ) | |
| Mailroom Officer, MDSP; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Kevin L. Hughbanks, filed a civil rights lawsuit under 42 U.S.C. § 1983 asserting that his First Amendment rights were violated by the rejection of a book, <u>Dirty Spanish</u>, that the offender correspondence policy prohibiting the receipt of unsolicited mail was unconstitutional, and that defendant Randy Stevens violated his right to be free from cruel and unusual punishment under the Eighth Amendment. In his motions to amend, Hughbanks sought to add seven claims: (1) that the inmate-accounts policy is unconstitutional; (2) that the entire correspondence policy is unconstitutional; (3) that the sex-offender policy is unconstitutional; (4) that

he has been denied access to the courts due to the limited nature of the prison legal library; (5) that Gail Meyers, the business manager of inmate accounts at MDSP, and Carol Hagen, a MDSP business office employee, retaliated against him by enforcing the inmate accounts policy; (6) that Mark Stoebner, a member of the sex offender treatment staff at MDSP, Associate Warden Susan Jacobs, and Warden Dooley retaliated against him by denying him sexually explicit photos; and (7) that prison mailroom staff unconstitutionally denied him a book entitled The Quotable Bitch. Docket 49-1. This court allowed him to add the claim related to the denial of The Quotable Bitch, but it did not permit him to add the other six claims. *See* Docket 51.

Hughbanks now moves for reconsideration of that decision. Docket 53. Hughbanks also moves for the application of the prisoner mailbox rule and requests that this court define specific terms. *See* Docket 54, 55. Defendants oppose these motions.

**I.   Motion for Reconsideration**

A motion to reconsider is not recognized under the Federal Rules of Civil Procedure. Hughbanks has not cited any legal authority supporting his motion. When the moving party fails to specify the rule under which it makes a motion for reconsideration, that party leaves the characterization of the motion to the court. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir.

1988). Federal courts have construed this type of motion as a motion to alter or amend the judgment under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986). Thus, the court will analyze Hughbanks's motion under both rules. Defendants concede that Hughbanks's motion is timely under either rule.

### A. Rule 59(e)

"[A]ny motion that draws into question the correctness of the judgment is functionally a motion under Fed. R. Civ. P. 59(e), whatever its label." *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986) (internal citations omitted). Rule 59(e) of the Federal Rules of Civil Procedure was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following the entry of judgment. *Norman v. Ark. Dep't of Education*, 79 F.3d 748, 750 (8th Cir. 1996). Rule 59(e) provides a deadline for motions to "alter or amend," but it does not specify the standards for alteration or amendment. *See* Fed. R. Civ. P. 59(e). In the Eighth Circuit, a court must find a "manifest error" of law or fact in its ruling to alter or amend its judgment under Rule 59(e). *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). But Rule 59(e) motions may not be used to introduce evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to the entry of

3

judgment. *Id. See also Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 919 (N.D. Iowa 2003). A party may also move to alter or amend judgment to present newly discovered evidence. *Hagerman*, 839 F.2d at 414. To prevail in a Rule 59(e) motion to present newly discovered evidence, "the movant must show that: (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

 Hughbanks does not present any new evidence in his motion for reconsideration. Docket 53. Rather, he claims the court overlooked legal arguments he made in response to defendants' opposition to his motion to amend by not reviewing his reply brief. Docket 52. Hughbanks's response, however, does not present any legal arguments or evidence that the court did not consider in deciding his motion to amend. The response reiterates arguments that Hughbanks made in his motions to amend his complaint, which the court considered in reaching its decision. *See* Docket 43, 44, 49. Hughbanks contends his response "showed the relationship" between the new claims and his original complaint. But his response merely asserts that the claims are related, without facts or law to support that contention. Thus,

Hughbanks has not presented new evidence or shown that the court's ruling on his motion to amend was "manifest error." Therefore, he is not entitled to relief under Rule 59(e) of the Federal Rules of Civil Procedure.

**B.     Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence, that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief will not be granted under Rule 60(b) merely because a party is unhappy with the judgment." 11 Charles A. Wright, et. al., *Federal Practice and Procedure* § 2858 (2d ed. 1995). Rather, a party must satisfy one or more of the grounds set forth under Rule 60(b).

Hughbanks has not argued that any of the grounds justifying relief under Rule 60(b)(1)-(5) apply to him. Thus, the court will analyze his motion

under 60(b)(6), which states that a court may relieve a party from judgment for any other reason that justifies relief. "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Relief under this rule is "exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.' " *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 868 (8th Cir. 2007) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as the result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994).

    Hughbanks has not shown exceptional circumstances. In his motion, he refers to his reply brief, which contains arguments insufficient to warrant either amendment or reconsideration. Most of his motion contends that the Department of Corrections and this court are not correctly applying the definition of "sexually explicit" set forth in the policy and that he should be allowed to possess the photographs that were confiscated from him. This court already addressed Hughbanks's claims relating to the confiscated photographs in denying preliminary injunctive relief. *See* Docket 42. These

arguments do not set forth "exceptional circumstances" as required for relief under Rule 60(b)(6). Thus, Hughbanks is not entitled to relief.

## II.     Motion for Application of the Prisoner Mailbox Rule

Hughbanks also moves for the application of the prisoner mailbox rule so that documents "are deemed served and filed upon delivery of these documents to prison officials." Docket 54. Defendants oppose this motion, noting that they have not made any arguments that Hughbanks is precluded from relief because of an untimely response, motion, or other filing.

In *Houston v. Lack*, 487 U.S. 266, 270-76 (1988), the Supreme Court held that a pro se prisoner's notice of appeal should be deemed filed when the prisoner delivers it to the warden for forwarding to the district court. The court reasoned that prisoner cannot control the notice of appeal after it has been delivered to prison officials, the prisoner lacks legal counsel to institute and monitor the process, and the prison authorities have incentive to delay a filing beyond the applicable time limit. *Id.* at 270-72.[1] The Eighth Circuit has

---

[1]Later, this holding was incorporated into Federal Rule of Appellate Procedure 4(c). The rule provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must

extended the prisoner mailbox rule to § 1983 complaints. *See Sulik v. Taney Cnty., Mo.*, 316 F.3d 813, 815 (8th Cir. 2003) ("The foundation of *Houston* is the inherent disadvantage suffered by pro se prisoners in their ability to monitor the course of their litigation . . . . We thus join our sister circuits and hold the prison mailbox rule governs the determination of when a prisoner's civil complaint has been filed."). While the prisoner mailbox rule is applicable to § 1983 proceedings, defendants are correct when they argue that the application of the rule is not before the court. If defendants argue in the future that Hughbanks is precluded from relief because of an untimely filing, the application of the rule would then be relevant and Hughbanks could refile this motion, along with the declaration or notarized statement required by the prisoner mailbox rule. Presently, however, Hughbanks's motion is premature. It is, therefore, denied.

---

set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c). The prisoner mailbox rule also been incorporated into the procedural rules application to federal petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.  Motion Requesting Definition of Terms

Hughbanks also requests that the court define a number of terms such as "sexually suggestive," "sexually explicit," "depicts nudity," and "sexually graphic." Docket 55. Defendants oppose this motion, arguing that no mention is pending that requires the definition of these terms and that the court can address the definition at that time. Because no motions are pending that require the definition of these terms, the motion is denied as premature. Therefore, it is

ORDERED that Hughbanks's motion for reconsideration (Docket 53) is denied.

IT IS FURTHER ORDERED that Hughbanks's motion for the application of the prison mailbox rule (Docket 54) is denied as premature and Hughbanks's motion to define terms and clarify restrictions (Docket 55) is denied as premature.

Dated February 23, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE