UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN L. HUGHBANKS, ) | Civ. 10-4064-KES |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING MOTION |
| ) | TO FILE DOCUMENTS UNDER |
| ROBERT DOOLEY, Warden, Mike ) | SEAL FOR IN CAMERA |
| Durfee State Prison, a/k/a Bob ) | INSPECTION |
| Dooley; ) | |
| TIM REISCH, Cabinet Secretary, ) | |
| SD DOC; ) | |
| SUSAN JACOBS, Associate ) | |
| Warden, Mike Durfee State Prison; ) | |
| TAMI DEJONG, Unit Coordinator, ) | |
| MDSP; ) | |
| RANDY STEVENS, Sco. Property ) | |
| Officer, MDSP; and ) | |
| NICHOLE ST. PIERRE, Sco. ) | |
| Property Officer, MDSP; ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Kevin Hughbanks, filed a civil rights lawsuit alleging that defendants violated his First Amendment rights by denying him two books, Dirty Spanish and The Quotable Bitch. Defendants move to file portions of the confiscated books under seal for in camera inspection. Docket 68. Hughbanks opposes this motion.

Defendants argue that if the documents are included as exhibits in the affidavits filed with the court and served on Hughbanks, then Hughbanks would have copies of the very materials that defendants refused

to provide him due to prison policy. Hughbanks asserts that he will not be able to effectively resist defendants' motion for summary judgment or argue that the banned materials are not sexually explicit if defendants are permitted to file them under seal for in camera review. Docket 72. Hughbanks states "for the plaintiff to adequately observe his Fourteenth Amendment right to Due Process without an attorney representing him, he must be able to view the evidence." *Id.*[1] Defendants respond that they have provided a summary and even quoted some of the prohibited material submitted for in camera review, thereby giving Hughbanks sufficient information to respond to their motion for summary judgment.

A similar issue arose in *Lindell v. McCaughtry*, No. 01-C-209-C, 2003 U.S. Dist. LEXIS 24576 (W.D. Wis. Oct. 7, 2003). In *Lindell*, a prison inmate sued the warden of a maximum security prison for denying him an issue of

---

[1] In support of this argument, Hughbanks quotes *Cofone v. Manson*, 409 F. Supp. 1033, 1041 (D. Conn. 1976). "Since the prisoner will not have even seen the offending issue, he cannot be expected to marshal arguments in favor of its admission without the assistance of someone familiar with the material." *Id.* But *Cofone* did not deal with the issue of whether an inmate is entitled to utilize the discovery process to receive materials prison officials have deemed violate an institution's policies. *Cofone* was a challenge to a particular prison's process for appealing the denial of a publication; the process in question required an inmate to submit several issues of the publication to have it pre-approved before it was admitted into the institution. *Cofone* applied the more stringent test from *Procunier v. Martinez*, 416 U.S. 396 (1974), not the more deferential reasonableness test that the Supreme Court held should be applied with respect to prisons. *See Turner v. Safley,* 482 U.S. 78 (1987). Thus, *Cofone* does not apply.

*Pagan Revival*, a magazine that the warden found advocated racial hatred and presented a danger to institutional security. *Id.* at *2. During the litigation, the warden submitted the rejected issue to the court for in camera review. *Id.* at *18. The court reasoned that "allowing plaintiff to obtain through litigation the publication that the institution has determined to pose a threat to institutional security would render the institution's review system superfluous and would encourage inmates to file lawsuits as a way to circumvent the institution's security procedures." *Id.* While the inmate would not be able to "oppose defendant's motion as effectively as he would like," an in camera review did not unduly prejudice the inmate because the defendants summarized the offending material accurately and provided specific examples of language that resulted in the warden banning the publication. *Id.* The Seventh Circuit Court of Appeals affirmed, noting that the liberal policy behind the discovery rules did not mean that the inmate had an absolute right to everything relevant to his case. *Lindell v. McCaughtry*, 115 Fed. App'x 872, 876 (7th Cir. 2004), *cert. denied* 543 U.S. 1171 (2005).

Defendants have provided Hughbanks with a summary of the denied materials and specific quotations that led defendants to conclude that the material was sexually explicit and detrimental to his rehabilitation as a sex offender. Thus, while Hughbanks may not be able to view the books he was

denied, he has sufficient information to challenge defendants' reasons for denying him the books. Allowing Hughbanks to obtain these materials through discovery would undermine prison policy and encourage inmates to file lawsuits in order to obtain banned materials. Accordingly, it is

ORDERED that defendants' motion to file documents under seal for in camera inspection (Docket 68) is granted.

Dated May 3, 2011.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE