UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN L. HUGHBANKS, | ) | Civ. 10-4064-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING STAY OF |
| | ) | DISCOVERY AND DENYING |
| ROBERT DOOLEY, Warden, Mike | ) | MOTION TO COMPEL |
| Durfee State Prison, a/k/a Bob | ) | |
| Dooley; | ) | |
| TIM REISCH, Cabinet Secretary, | ) | |
| SD DOC; | ) | |
| SUSAN JACOBS, Associate | ) | |
| Warden, Mike Durfee State Prison; | ) | |
| TAMI DEJONG, Unit Coordinator, | ) | |
| MDSP; | ) | |
| RANDY STEVENS, Sco. Property | ) | |
| Officer, MDSP; and | ) | |
| NICHOLE ST. PIERRE, Sco. | ) | |
| Property Officer, MDSP, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Kevin L. Hughbanks, has filed a pro se civil rights lawsuit. Hughbanks is incarcerated at the Mike Durfee State Prison in Springfield, South Dakota. Hughbanks alleges three claims: (1) that the prison policy allowing the rejection of bulk mail without a rejection notice being provided to the prisoner or publisher is unconstitutional; (2) that prison officials unconstitutionally denied him books entitled <u>Dirty Spanish</u> and <u>The Quotable Bitch</u>; and (3) that correctional officer Randy Stevens violated the Eighth Amendment by making derogatory remarks about him in front of

other inmates. Hughbanks now moves to compel discovery pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rule 37.1 of the District of South Dakota Civil Local Rules of Practice. Defendants oppose his motion and ask that discovery be stayed until the issue of qualified immunity is resolved.

## DISCUSSION

All of Hughbanks's claims, other than his claims for prospective relief, are subject to defendants' qualified immunity defense. Qualified immunity protects prison officials from litigation itself, not merely liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting that the doctrine of qualified immunity provides "an immunity from suit rather than a mere defense to liability"). This immunity from suit applies to discovery because it "can be peculiarly disruptive of effective government." *Id.* (internal citations omitted). Qualified immunity protects government officials from the burdens of broad discovery. *Wilson v. Northcutt,* 441 F.3d 586, 590 (8th Cir. 2006). In this case, Hughbanks has submitted 24 separate requests for the production of documents, sent interrogatories to each named defendant, and filed six motions for preliminary restraining orders and a number of other miscellaneous motions.

Defendants currently have a motion for summary judgment pending, in which they assert a qualified immunity defense. "The purpose in moving

for summary judgment, under the privilege of qualified immunity, is to avoid having government officers subjected to the expense and delay of discovery." *Fitzgerald v. Patrick*, 927 F.2d 1037, 1039 (8th Cir. 1991). "Both the Supreme Court and the Eighth Circuit have "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007). Because qualified immunity protects public officials from discovery, defendants' motion for a protective order and stay of discovery is granted. Thus, defendants need not respond to future motions or discovery requests unless instructed by the court. Because defendants' request for a stay of discovery is granted, Hughbanks's motion to compel is denied. Therefore, it is

    ORDERED that defendants' request for a stay of discovery is granted.

    IT IS FURTHER ORDERED that Hughbanks's motion to compel (Docket 95) is denied.

    Dated August 10, 2011.

                      BY THE COURT:

                      /s/ *Karen E. Schreier*
                      KAREN E. SCHREIER
                      CHIEF JUDGE